# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>    Petitioner,<br><br>    v.<br><br>LAW OFFICES OF CRYSTAL MORONEY, P.C.,<br><br>    Respondent. | Case No. 7:20-cv-3240<br><br>**PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND** |

    1.    On November 14, 2019, the Bureau of Consumer Financial Protection (Bureau) issued a civil investigative demand (CID) to the Law Offices of Crystal Moroney, P.C. (LOCM). The CID was issued as part of an ongoing investigation to determine whether:

> debt collectors, furnishers, or associated persons, in connection with regularly collecting or attempting to collect consumer debt and furnishing consumer information to consumer-reporting agencies, have: (1) disregarded warnings that debts were the result of identity theft or otherwise disputed by consumers, in a manner that was unfair, deceptive, or abusive, in violation of §§ 1031 and 1036 of the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5531, 5536; (2) ignored cease-and-desist requests and engaged in other prohibited communications with consumers or third parties, or failed to provide required notices, or made false or misleading representations in a manner that violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692b, 1692c, 1692e, 1692g; or (3) failed to correct and update furnished information, or failed to maintain reasonable policies and procedures in a manner that violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2, or Regulation V, 12 C.F.R. § 1022.42.

The CID required the production of answers to interrogatories, written reports, tangible things, and documents by December 16, 2019.

2. On December 5, 2019, LOCM filed a petition requesting that the Director of the Bureau, Kathleen L. Kraninger, set aside or modify the CID. The filing of the petition stayed the deadline for LOCM to respond to the CID until the Bureau resolved the petition. *See* 12 U.S.C. § 5562(f)(2).

3. On February 10, 2020, the Director denied LOCM's petition to set aside or modify the CID, and directed LOCM to comply in full with the CID within 10 days of the Order.

4. Since the Director's order, LOCM has indicated that it does not intend to comply with the CID. Accordingly, the Bureau petitions this Court for an order requiring LOCM to comply with the CID.

5. In support thereof, the Bureau submits the accompanying Memorandum of Law and Declaration of E. Vanessa Assae-Bille. In further support, the Bureau alleges:

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under § 1052(e)(1) of the CFPA. 12 U.S.C. § 5562(e)(1).

7. Venue is proper because LOCM resides, is found, and transacts business at 17 Squadron Boulevard, New City, New York, which is in this district. 12 U.S.C. § 5562(e)(1).

## PARTIES

8. The Bureau is an administrative agency of the United States. 12 U.S.C. § 5491(a).

9. LOCM is a law firm that collects debt and furnishes consumer information to consumer reporting agencies in the ordinary course of business.

### Service of the CID and LOCM's Failure to Comply

10. Section 1052(c) of the CFPA empowers the Bureau to issue a CID when it has reason to believe that "any person . . . may have any information[] relevant to a violation" of "Federal consumer financial law." 12 U.S.C. § 5562(c)(1). A CID issued by the Bureau may, among other things, require the recipient to respond to interrogatories, provide written reports, produce documents, and submit tangible things. *Id.*

11. In this district, judicial enforcement of an administrative civil investigative demand is appropriate where (1) the investigation will be conducted pursuant to a legitimate purpose, (2) the inquiry may be relevant to the purpose, (3) the information sought is not already within the Bureau's possession, and (4) the agency has followed the administrative steps required to issue civil investigative demands. *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 471 (2d Cir. 1996) (citations omitted). *See also United States v. Morton Salt*, 338 U.S. 632, 652 (1950).

12. As set forth in section 1052(c) of the CFPA, 12 U.S.C. § 5562(c), and its implementing regulation, 12 C.F.R. pt. 1080, the administrative steps required to issue a civil investigative demand were followed. On November 14, 2019, a Deputy Assistant Director of the Office of Enforcement issued the CID. The CID was served on LOCM via certified U.S. mail, return receipt requested, with a return date of December 16, 2019.

13. As required by the CFPA, 12 U.S.C. § 5562(c)(2), the CID contained a Notification of Purpose apprising LOCM of the nature of the conduct under investigation and applicable provisions of law.

14. The CID sought from LOCM materials that may be relevant to the Bureau's investigation that were not already in the Bureau's possession, including responses to interrogatories, written reports, documents, and tangible things.

15. On December 2, 2019, counsel for the Bureau and LOCM met and conferred about the CID by telephone, in accordance with 12 C.F.R. § 1080.6(c). LOCM did not subsequently submit a written request to modify the CID to the Bureau's enforcement counsel.

16. Instead, on December 5, 2019, LOCM filed on a petition requesting that the Bureau Director set aside or modify the CID. On February 10, 2020, the Director denied LOCM's petition to set aside or modify the CID, and directed LOCM to comply in full with the CID within 10 days of the Order. The Order invited LOCM to engage in discussions with Bureau counsel regarding any specific requests to modify the CID.

17. On March 19, 2020, LOCM informed the Bureau in writing that it does not intend to comply with the CID.

18. LOCM has therefore failed to fully comply with the CID duly served upon it. Accordingly, the Bureau requests the relief set forth below.

WHEREFORE, the Bureau requests:

1. An order directing LOCM to show cause why it should not be required to comply with the CID;
2. An order directing LOCM to fully comply with the CID; and
3. Such other relief as this Court deems just and proper.

Dated: April 24, 2020        Respectfully submitted,

THOMAS WARD
Enforcement Director

DEBORAH MORRIS
Deputy Enforcement Director

ALUSHEYI WHEELER
Assistant Litigation Deputy

/s/ E. Vanessa Assae-Bille
E. VANESSA ASSAE-BILLE,
NY Bar #5165501 (*pro hac vice pending*)
JEHAN A. PATTERSON (JA8306)

Senior Litigation Counsel
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Phone: 202-435-7688
Email: elisabeth.assae-bille@cfpb.gov

*Attorneys for Petitioner
Bureau of Consumer Financial Protection*