## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION, <br><br> Petitioner, <br><br> v. <br><br> LAW OFFICES OF CRYSTAL MORONEY, P.C., <br><br> Respondent. | Case No. 7:20-cv-3240 <br><br> **DECLARATION OF E. VANESSA ASSAE-BILLE IN SUPPORT OF PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND** |

I, E. Vanessa Assae-Bille, under 28 U.S.C. § 1746, declare as follows:

1. I am a Senior Litigation Counsel at the Bureau of Consumer Financial Protection (Bureau), Office of Enforcement, and the lead counsel on this matter.

2. I am over 18 years of age and authorized to execute this declaration verifying the facts set forth in the Bureau's Petition to Enforce the Civil Investigative Demand and accompanying memorandum.

3. The facts set forth in this declaration are based on my personal knowledge or information made known to me in the course of my official duties.

4. I am an attorney on an ongoing Bureau investigation to determine whether debt collectors, furnishers, or other persons in connection with collection of debt and furnishing of information violated the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C.§§ 5531, 5536, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, or the Fair Credit Reporting Act (FCRA) and its implementing regulation, 15 U.S.C. § 1681 *et seq.*

5. Law Offices of Crystal Moroney, P.C. (LOCM) is a law firm that collects on delinquent or defaulted consumer debts on behalf of various creditors. It also furnishes information to credit reporting agencies about consumers from whom it seeks to collect debt.

6. On November 14, 2019, a Deputy Assistant Director of the Office of Enforcement issued a civil investigative demand (2019 CID) to LOCM that was served via certified U.S. Mail, return receipt requested, duly addressed to LOCM at 17 Squadron Boulevard, New City, New York. As required by the CFPA, the 2019 CID contained a "Notification of Purpose" advising LOCM of the purpose of the Bureau's investigation. The CID required LOCM to produce materials that may be relevant to the purpose of the Bureau's investigation by December 16, 2019. Attached as Exhibit A to this declaration is a true and correct copy of the 2019 CID issued to LOCM.

7. The Bureau had previously issued a CID to LOCM on June 23, 2017 (2017 CID). The 2017 CID sought substantially similar information from LOCM, but is not identical to the 2019 CID. Attached as Exhibit B to this declaration is a true and correct copy of the 2017 CID.

8. LOCM produced partial responses to the 2017 CID, but withheld and clawed back a significant amount of material. To the extent LOCM responded to the 2017 CID's requests for documents, none of its documents complied with the Bureau's standards for submitting electronically stored information. Also, LOCM did not certify that its responses to the 2017 CID were true and complete, as required by Instruction H in the 2017 CID.

9. The Bureau withdrew the 2017 CID on November 4, 2019.

10. On December 2, 2019, Crystal Moroney, an owner of LOCM, and her counsel, John H. Bedard, met and conferred with Bureau counsel to discuss LOCM's compliance with the 2019 CID. During this meet-and-confer, LOCM indicated that it would seek modifications to the CID, including an extension of time to respond. Bureau counsel instructed LOCM that any modification requests must be submitted in writing to the Bureau's enforcement staff. LOCM indicated that it would send a written request to Bureau counsel, and that it would also file a petition to set aside or modify the 2019 CID.

11. LOCM did not submit to a written request for modifications to the CID to Bureau counsel.

12. On December 5, 2019, LOCM filed a petition to set aside the 2019 CID on various grounds. LOCM asked that, in the alternative, the Director of the Bureau modify the 2019 CID, including by extending the return date. Attached as Exhibit C to this declaration is a true and correct copy of LOCM's petition to set aside or modify the 2019 CID, dated December 5, 2019 (excluding the exhibits that LOCM filed with its petition).

13. On February 10, 2020, the Bureau Director denied LOCM's petition to set aside or modify the 2019 CID (Order), and directed LOCM to comply in full with the CID within 10 days of the Order. Attached as Exhibit D to this declaration is a true and correct copy of the Order dated February 10, 2020.

14. LOCM did not comply with the Decision and Order's deadline of February 20, 2020.

15. On March 12, 2020, I sent an email to LOCM's counsel to obtain an update on LOCM's intentions with respect to the 2019 CID, and to extend LOCM the

opportunity to request modifications. Attached as Exhibit E to this declaration is a true and correct copy of my email to John Bedard dated March 12, 2020.

16. On March 19, 2020, LOCM informed me it did not intend to respond to the 2019 CID. Attached as Exhibit F to this declaration is a true and correct copy of Mr. Bedard's email to me, dated March 19, 2020.

17. LOCM has not produced any materials in response to the 2019 CID.

18. LOCM has not submitted to the Bureau a schedule of any documents, information, or tangible things being withheld on the grounds of privilege, as required by 12 C.F.R. § 1080.8(a) and Instruction H in the 2019 CID.

19. LOCM is not in compliance with the 2019 CID.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 24, 2020

/s/ E. Vanessa Assae-Bille
E. VANESSA ASSAE-BILLE

Senior Litigation Counsel
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington, DC 20552
Phone: 202-435-7688
Email: elisabeth.assae-bille@cfpb.gov

*Attorney for Petitioner*
*Bureau of Consumer Financial Protection*