# EXHIBIT D

Bureau of Consumer Financial Protection
1700 G Street NW
Washington, D.C. 20552



IN RE LAW OFFICES OF CRYSTAL )
MORONEY, P.C., )
)
2019-MISC-Law Offices of )
Crystal Moroney, P.C.-0001 )
)

## DECISION AND ORDER ON PETITION BY LAW OFFICES OF CRYSTAL MORONEY, P.C. TO SET ASIDE OR MODIFY CIVIL INVESTIGATIVE DEMAND

The Law Offices of Crystal Moroney, P.C. ("LOCM") has petitioned the Consumer Financial Protection Bureau for an order to set aside or modify a civil investigative demand (CID) issued to it by the Bureau. For the reasons set forth below, the Petition is denied.

### FACTUAL BACKGROUND

This Petition concerns the second of two CIDs the Bureau issued to LOCM, a debt-collection law firm, as part of an investigation into potential violations of the Consumer Financial Protection Act, the Fair Debt Collection Practices Act, and the Fair Credit Reporting Act and its implementing regulation.

The Bureau issued the first CID in June 2017. As provided for in the Bureau's rules governing investigations, *see* 12 C.F.R. 1080.6(c), LOCM met and conferred with staff from the Bureau's Office of Enforcement about the CID. Enforcement staff agreed to modify the CID in certain respects in response to LOCM's requests and to extend the deadlines for compliance. LOCM made a partial production in response to the CID but then refused to provide any further information. After efforts to resolve the disagreement failed, the Bureau filed a petition to enforce the CID in federal district court in New York. *See Bureau of Consumer Financial Protection v. Law Offices of Crystal Moroney, PC*, No. 7:19-cv-1732 (S.D.N.Y.).

In that litigation, LOCM argued that the CID could not be enforced because, among other reasons, it failed to satisfy the statutory requirement that CIDs issued by the Bureau "shall state the nature of the conduct constituting the alleged violation which is under investigation and the provision of law applicable to such violation." 12 U.S.C. § 5562(c)(2). The Bureau withdrew that CID and on November 14, 2019 sent LOCM a second, revised CID that provided additional information about the scope and purpose of the Bureau's investigation. (The Bureau's petition to enforce the first CID was properly denied as moot after the Bureau informed the district court

1

that the CID had been withdrawn.) The second CID seeks much the same information as the first one, but many of the specific requests in the CID have been amended for clarity or to narrow their scope, or simply renumbered.

After meeting with Enforcement staff about the second CID, LOCM filed this Petition to set aside or modify the CID on December 5, 2019.[1]

## LEGAL DETERMINATION

LOCM's central argument concerns the provision in the Consumer Financial Protection Act that purports to limit the grounds on which the President can remove the Bureau's Director to "inefficiency, neglect of duty, or malfeasance in office." 12 U.S.C. § 5491(c)(3). LOCM contends that because this provision violates the constitutional separation of powers, and because the Supreme Court has granted certiorari in a case that raises that issue, *see Seila Law LLC v. CFPB*, No. 19-7 (U.S.), the CID should be set aside, or at least modified so that the response deadlines are stayed pending the Supreme Court's decision. LOCM also argues that the CID should be modified (1) to provide the same modifications that Enforcement staff previously agreed to with respect to the first CID, (2) to state that LOCM need not re-produce any material it submitted in response to the first CID, and (3) to limit the time period applicable to the requests in the CID to November 2017 through November 2019.

For the reasons set forth below, the Petition is denied.

**1. The administrative process for petitioning to modify or set aside CIDs is not the proper forum for raising and adjudicating challenges to the constitutionality of provisions of the Bureau's statute.** LOCM contends that I should set aside the CID because the removal restriction in Section 5491(c)(3) is unconstitutional and thus renders the CID invalid. Pet. at 5–13. In the alternative, LOCM asks that I defer the deadlines in the CID until after the Supreme Court has decided the constitutionality of the removal restriction in *Seila Law*. *Id.* at 14–16. The Bureau, however, has consistently taken the position that the administrative process set out in the Bureau's statute and regulations for petitioning to modify or set aside a CID is not the proper forum for raising and adjudicating challenges to the constitutionality of the Bureau's statute. *See, e.g., In re Equitable Acceptance Corp.*, 2019-MISC-Equitable Acceptance Corp.-0001 (Dec. 26, 2019)[2], at 2; *In re Kern-Fuller and Sutter*, 2019-MISC-Candy Kern-Fuller and Howard

---

[1] It appears that LOCM did not timely file its Petition within 20 days of service of the CID, as required by statute and the Bureau's rules governing investigations. *See* 12 U.S.C. § 5562(f)(1); 12 C.F.R. § 1080.6(e); *see also* 12 U.S.C. § 5562(c)(8) (service of a CID may be made by "depositing a duly executed copy in the United States mails, by registered or certified mail, return receipt requested"). Nevertheless, I will exercise my discretion in this matter and under the circumstances presented here to resolve the Petition on the merits.

[2] *Available at* https://files.consumerfinance.gov/f/documents/cfpb_equitable-acceptance-corp_decision-and-order-on-petition.pdf.

E. Sutter III-0001 (Apr. 25, 2019)[3], at 2; *In re Nexus Servs., Inc.*, 2017-MISC-Nexus Services, Inc. and Libre by Nexus, Inc.-0001 (Oct. 11, 2017)[4], at 2. In the event that the Bureau determines at a later date that it is necessary to seek a court order compelling LOCM's compliance with this CID, *see* 12 U.S.C. § 5562(e), the firm can raise its constitutional objection as a defense to that proceeding in district court.[5]

**2. LOCM seeks modifications that it should have negotiated in the first instance with Enforcement staff.** LOCM next argues that the CID should be altered to provide the same modifications that Enforcement staff previously agreed to with respect to the first CID. Pet. at 16. Although this request is reasonable on its face, LOCM failed to meaningfully pursue it during the meet-and-confer process before filing its Petition and, even now, has not explained just how it believes the second CID—the language of which does not precisely track the language of the first CID—should be modified.

Petitioners who seek an order to modify or set aside a CID must certify that they first took part "in a good faith effort to resolve by agreement the issues raised by the petition." 12 C.F.R. § 1080.6(e)(1). The Bureau "will consider only issued raised during the meet and confer process." *Id.* § 1080.6(c)(3). Here, LOCM did raise the possibility of seeking modifications along these lines during the meet and confer. But it also agreed to memorialize its specific requests for modifications in a follow-up letter to Enforcement staff. Rather than sending that letter, LOCM filed this Petition. (LOCM did not seek an extension of time to file its Petition, as it could have under 12 C.F.R. § 1080.6(e)(2).) LOCM thus denied staff an opportunity to consider its requests for modifications in an efficient manner. It now seeks instead to raise those fact-specific determinations for my resolution in the first instance. That is not appropriate under the rules governing the Bureau's investigations. *See id.* § 1080.6(c)(3), (e)(1).

Nor am I in a position to grant Petitioner's request in any event because the Petition itself does not specify which requests should be modified and in what way. For these reasons, I must deny Petitioner's request. As noted below, however, LOCM is invited to properly present to Enforcement staff its requests to modify the second CID in order to bring it into line with the modified first CID. The Office of Enforcement should consider (and, as appropriate, adopt) these requests.

**3. LOCM must respond appropriately to this CID.** The Petition also argues that LOCM should be excused from producing any materials it previously submitted in its partial

---

[3] *Available at* https://files.consumerfinance.gov/f/documents/cfpb_petition-to-modify_candy-kern-fuller-and-howard-e-sutter_decision-and-order.pdf.

[4] *Available at* https://files.consumerfinance.gov/f/documents/cfpb_petition-to-modify_nexus_decision-and-order.pdf.

[5] The Bureau has adopted the view in its ongoing litigation that the removal restriction is unconstitutional but that its invalidity does not affect the remainder of the Bureau's statute, including the provisions authorizing the Bureau to issue and enforce CIDs. *See* Br. of Resp't, *Seila Law*, 2019 WL 4528136 (U.S.).

response to the first CID. Pet. at 17. This request must also be denied because LOCM failed to properly submit those documents in response to the first CID. Both the first and second CIDs set out instructions for complying with the Bureau's standards for submitting electronically stored information. *See generally* 12 C.F.R. § 1080.6(b) (electronic information must be produced "in accordance with the instructions provided by the Bureau regarding the manner and form of production"). Yet LOCM's production fell far short of these standards, as it acknowledged at the time. Nor did LOCM pursue offers by Enforcement staff to try to alleviate the potential burden of complying with the submission standards. Such standards exist not as mere formalities but to ensure that the Bureau receives the information necessary to carry out its statutory responsibility to investigate potential violations of federal consumer financial law. LOCM's failure to meet those standards, or in the alternative to try to negotiate a reasonable accommodation with Enforcement staff, forecloses its argument here. In accord with the Bureau's regulations, LOCM must provide information responsive to the CID in accordance with the instructions provided by the Bureau regarding the manner and form of production, or seek appropriate modifications from Enforcement staff.

**4. The CID seeks information relevant to potentially actionable violations of law.** Finally, LOCM asks that I modify the CID to seek information only from the period between November 2017 and November 2019, arguing that the Bureau is barred from seeking earlier material by the statutes of limitations in the FDCPA and FCRA. Pet. at 17–18. But in conducting an investigation of potential violations of federal consumer financial law, the Bureau is not limited to gathering information only from the time period in which conduct may be actionable. Instead, what matters is whether the information is relevant to conduct for which liability can be lawfully imposed. *See, e.g., CFPB v. Future Income Payments, LLC*, 252 F. Supp. 3d 961, 969 (C.D. Cal. 2017), *order vacated in part on other grounds*, 2018 WL 7502720 (C.D. Cal. Dec. 18, 2018); *CFPB v. Harbour Portfolio Advisors, LLC*, No. 16-14183, 2017 WL 631914, at *5 (E.D. Mich. Feb. 16, 2017). Even assuming that the CID sought information regarding conduct outside the statute of limitations, such information may be essential to the Bureau's ability to develop a complete understanding of the relevant facts about violations that would be actionable.

## CONCLUSION

For the foregoing reasons, the petition to set aside or modify the CID is denied. LOCM is directed to comply in full with the CID within 10 days of this Order. LOCM is welcome to engage in discussions with Bureau staff about any specific suggestions for modifying the CID, which may be adopted, as appropriate, by the Assistant Director or Deputy Assistant Director of the Office of Enforcement.

Kathleen L. Kraninger, Director

February 10, 2020

4