

MEMO ENDORSED

1700 G Street NW, Washington, D.C. 20552

June 11, 2020

<u>Via ECF</u>

Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr. Federal Building
  and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

RE:  *Law Offices of Crystal Moroney, P.C., v. CFPB*, No. 7:19-cv-11594-KMK (S.D.N.Y.) and
      *CFPB v. Law Offices of Crystal Moroney, P.C.*, No. 7:20-cv-03240-KMK (S.D.N.Y.)

Dear Judge Karas:

   I write in response to the letter motion filed by the Law Offices of Crystal Moroney (LOCM) on June 9, which asks the Court to consolidate and stay these cases. The Bureau does not oppose consolidating these actions to promote administrative efficiency and judicial economy. It does, however, oppose the consolidated *schedule* that LOCM seems to suggest, which would unduly delay resolution of the Bureau's summary CID-enforcement proceeding—and delay the Bureau's underlying law enforcement investigation—by tethering it to the timeline in LOCM's suit against the Bureau, which LOCM does not propose to begin prosecuting in earnest until August.

   The Bureau also opposes LOCM's request to stay the CID-enforcement action until July 1. The Bureau respectfully submits that the current briefing schedule will give the parties adequate time to address whatever defenses LOCM wishes to assert and to propose any further steps that may be needed after the Supreme Court issues its decision in *Seila Law LLC v. CFPB*, No 19-7. In the alternative, if the Court determines it should await decision in *Seila Law*, the Bureau respectfully proposes that, instead of staying all proceedings in the CID-enforcement action and then discussing a briefing schedule anew next month as LOCM suggests, the Court should

consumerfinance.gov

simply amend the existing briefing schedule so that LOCM's response to the Bureau's petition is due 14 days after *Seila Law* is decided.

**Consolidation.** It may be appropriate to consolidate cases under Federal Rule of Civil Procedure 42 "when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). The Bureau does not oppose consolidation of these cases, but does oppose the undue delay that LOCM suggests.

LOCM's motion appears to envision that, following consolidation, the Bureau's summary CID-enforcement proceeding should be delayed so it proceeds on the more leisurely schedule LOCM would like for its claims. LOCM Ltr. Mot. at 2. That proposal would do nothing to "avoid unnecessary costs or delay." To the contrary, it would ensure unnecessary delay by shackling the Bureau's CID-enforcement action—an expeditious summary proceeding, *see, e.g.*, *SEC v. House Ways & Means Comm.*, 161 F. Supp. 3d 199, 224 (S.D.N.Y. 2015)—to LOCM's suit against the Bureau—a shifting laundry list of attacks on the Bureau and its investigation that, although it has been pending for six months now, has yet to get off the ground.

The CID-enforcement action is currently on course to be resolved as early as next month. In deciding that case, the Court will be able to resolve any constitutional objections that LOCM properly raises as defenses to the CID. In contrast, LOCM's suit will not even begin to move forward again until LOCM files a second amended complaint, which it asks to delay until early August. Even if the Bureau were to immediately move to dismiss that complaint (and even assuming that LOCM does not seek additional time to once again recast its allegations in a new complaint), that case may not provide the Court an opportunity to address LOCM's constitutional claims until the fall. Yet LOCM suggests that the CID-enforcement action must stop and wait for LOCM's suit to play catch-up. That course of action would unduly delay the summary CID-enforcement proceeding. What's more, it would seem to give LOCM a hand in dictating, if only in part, the pace of a government investigation into its own conduct.

Proceeding to promptly adjudicate the Bureau's request for enforcement of its CID will not require the Court to consider the same issues twice. Once the Court resolves LOCM's constitutional objections in the CID-enforcement action, its rulings on these issues will have preclusive effect between the parties, eliminating any need to relitigate them in LOCM's suit against the Bureau. If anything, resolving the CID-enforcement action in the ordinary course, rather than delaying it as LOCM requests, is likely to lessen the burden on the Court and the parties by permitting LOCM to narrow or adjust the claims for relief in its suit in light of the court's decision (or voluntarily dismiss its suit altogether). The Court need take no action or otherwise expend its limited time and resources on LOCM's lawsuit before then.

**Staying the CID-enforcement action**.[1] The Bureau opposes LOCM's proposal to stay proceedings concerning its CID petition until July 1 and then merely hold a scheduling conference on that date. If the Court is inclined to await decision in *Seila Law*, the Bureau respectfully submits that the Court should simply push back the current briefing schedule rather than stay the case.

Both parties expect a decision in *Seila Law* by the end of June. Briefing on the Bureau's petition is set to conclude on July 1 and the Court has set argument for July 16. Thus, as an initial matter, a stay clearly is not needed to prevent the Court from "entering an order inconsistent with that of the Supreme Court." LOCM Ltr. Mot. at 3. Nor is a stay necessary to give the parties a chance to address the decision in *Seila Law*. Under the current schedule, the parties will have adequate time to brief all issues in the case, including the many arguments LOCM presumably intends to make that are unrelated to the statutory removal restriction at issue in *Seila Law*. The schedule also appears to give the parties sufficient time to assess the decision in *Seila Law* and, if necessary, to propose a path forward to the Court at that point, and with the benefit of the actual decision. Such proposal could involve, for example, submitting short supplemental briefs or simply addressing the issue at the hearing.

In the alternative, if the Court determines it should await decision in *Seila Law*, the Bureau respectfully submits that instead of staying the CID-enforcement action and holding a scheduling conference on or after July 1 as LOCM suggests, the Court should simply amend the existing briefing schedule so that LOCM's response to the petition is due 14 days after the decision in *Seila Law*, with the Bureau's reply due 14 days after LOCM's response. That approach would allow the parties to take the *Seila Law* decision into account in their briefing without the undue delay that LOCM asks for in its proposed schedule for consolidating and staying these cases.

The Court agrees with the Bureau that a stay in both cases, to be followed by a scheduling conference, is unnecessary. Instead, the Court will adjust the briefing schedule in the enforcement proceeding. Ms. Moroney's opposition is due by no later than July 15, 2020, and the CFPB's response is due by no later than July 29, 2020. Oral argument will be held on August 18, 2020 at 2:00 p.m. In the meantime, the Court will grant Ms. Moroney's request for a stay in her case (No. 19-CV-11594) until the Bureau's Petition is resolved to avoid any duplication of efforts, and because any decision on the CID may affect claims brought by Ms. Moroney. The Court will determine any renewed request for consolidation thereafter.

Respectfully submitted,

*/s/ Kevin E. Friedl*
Kevin E. Friedl
 *Counsel*
Consumer Financial Protection Bureau

SO ORDERED

KENNETH M. KARAS U.S.D.J.   June 12, 2020

---

[1] To the extent LOCM asks to stay its own suit until July 1, it does not appear that such a stay would have any practical effect, given that LOCM does not intend to file a new complaint until August 3. The Bureau accordingly takes no position on whether LOCM's suit should be stayed.