☼ **New Civil Liberties Alliance**

July 16, 2020

**VIA ECF**

Hon. Kenneth M. Karas
United States District Court
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

>    Re:    *CFPB* v. *Law Offices of Crystal Moroney, P.C.* v. *Case No. 7:20-cv-03240 (KMK)*
>           *Letter-Motion for Leave to File in Excess of Page Limit*

Dear Judge Karas:

  This Court entered an order on June 12, 2020 setting a deadline for Respondent to file a Response to the Petition to Enforce by July 15, 2020, in the above-referenced matter. Respondent did so yesterday evening. Your Honor then issued a Memo Endorsement stating that Respondent failed to request leave to file in excess of the page limit.

  Respondent apologizes for not understanding the appropriate page limit under your Individual Rules. Respondent incorrectly thought that a Response to a Petition is the equivalent of an Answer to a Complaint rather than the equivalent of an Opposition to a Motion, which is subject to the 25-page limitation. *See* Order to Show Cause, ¶ 5 (May 13, 2020) ("At the show cause hearing, *only* those issues brought into controversy by the *responsive pleadings* and factual allegations supported by the Assae-Bille declaration will be considered. Any uncontested allegation in the petition [will] be considered admitted.") (emphasis added).

  In this case, a Response greater than 25 pages was necessary to address the dynamics of new, previously untested law—the Supreme Court's *Seila Law* decision—which Respondent believes has a significant jurisdictional impact on this case. This issue, in addition to our constitutional arguments and statutory defenses to the defective CID itself, must be thoroughly fleshed out.

  Thus, Respondent respectfully moves this Court for leave to exceed the 25-page limitation and to accept the Response to the Petition as timely. In the alternative, Respondent asks this Court to allow counsel to submit a Response within the applicable page limit, if possible.

Denial of leave to file in excess of 25 pages and to accept the July 15th Response as timely would significantly prejudice Respondent. Pursuant to Your Honor's Order to Show Cause, "the burden of coming forward to oppose enforcement of the CID has shifted to Respondent." Order to Show Cause, ¶ 3 (May 13, 2020). The Order also directs that "[i]f Respondent has *any defense* to present or opposition to the petition, such defense or opposition shall be made in writing[.]" *Id.* ¶ 4. (emphasis added). Respondent could not provide "any defense" within the 25-page limitation. Given the complexity of the case and the extent of Petitioner's incorrect or misleading allegations, Respondent would be severely prejudiced by a page limitation unduly restricting this responsive pleading's ability to fully articulate Respondent's defenses.

Since Petitioner was served on July 15, 2020, and since Petitioner was on notice that the Respondent's constitutional arguments would be fully fleshed out in the enforcement case (the Petitioner's affirmative related case, 7:19-cv-01732, has been stayed pending this enforcement action), Petitioner will suffer no prejudice by Your Honor's grant of leave to file in excess of pages. Undersigned counsel has attempted to seek consent to this letter-motion, but Petitioner has not responded by the time of its filing.

Please feel free to contact me if you have any questions.

Very truly yours,

Michael P. DeGrandis
Senior Litigation Counsel

cc: Vanessa Assae-Bille, Esq. (via e-mail and ECF)
Jehan Patterson, Esq. (via e-mail and ECF)
Kevin Friedl, Esq. (via e-mail and ECF)