MEMO ENDO[RSED]



### New Civil Liberties Alliance

September 4, 2020

**VIA E-MAIL & ECF**

Hon. Kenneth M. Karas
KarasNYSDChambers@nysd.uscourts.gov
Charles L. Brieant Jr. Federal Building & Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:   *CFPB v. Law Offices of Crystal Moroney, P.C., Case No. 7:20-cv-3240 (KMK)*
         *Letter-Motion to Stay Final Judgment Pending Appeal*

Dear Judge Karas:

    Pursuant to Southern District of New York Local Rule 7.1(d) and your Individual Rules of Practice I(B)-(C) and II(A), Respondent Law Offices of Crystal Moroney, P.C. (the "Law Firm") respectfully requests a pre-motion conference so that Respondent may move for a stay pending appeal pursuant to Federal R. Civ. P. 62 and this Court's inherent power to preserve the *status quo* during the pendency of an appeal. Respondent received the transcript of Your Honor's August 18, 2020 order enforcing the CID on September 2, 2020 and intends to file a timely Notice of Appeal.

**Background**

    The Federal Rules of Civil Procedure grant Respondent an automatic 30-day stay of execution of Your Honor's order, entered August 19, 2020. Fed. R. Civ. P. 62(a). The Petitioner, however, asked Respondent to comply with the order just five days after its entry, and nine days before Respondent received the transcript of your ruling. Having received the transcript just two days ago, she has yet to have a substantive discussion with her counsel about the scope and nature of her appeal. Execution of the order just days or even weeks after its entry, before Petitioner has had an opportunity to note her appeal, would be highly prejudicial to Respondent. Petitioner, however, believes that the order is immediately enforceable and that Rule 62(a) does not apply. The parties having reached an impasse, Respondent submits this letter-motion.

**Motion to Stay this Court's Final Order**

    Respondent intends to move for a stay of the final order this Court entered on August 19, 2020, which granted Petitioner's Petition to Enforce the Civil Investigative Demand. The filing of a

notice of appeal generally transfers jurisdiction from the district court to the circuit court of appeals, but the district court "retain[s] jurisdiction to issue an order to preserve the status quo pending appeal." *N. Am. Airlines, Inc. v. Int'l Bd. of Teamsters, AFL-CIO*, 2005 WL 926969, at *1 (S.D.N.Y. April 19, 2005) (citing Fed. R. Civ. P. 62(c)). This Court's authority to grant a stay is both equitable and discretionary. *Id.*

When considering whether to stay a final judgment, courts within the Second Circuit consider four factors:

> (1) whether the movant will suffer irreparable injury absent a stay; (2) whether a party will suffer substantial injury if a stay is issued; (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal; and (4) the public interests that may be affected.

*Gen. Mills, Inc. v. Champion Petfoods USA, Inc.*, 2020 WL 915824, at *2 (S.D.N.Y. Feb. 26, 2020) (quoting *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1993)) (brackets omitted). "Courts treat these factors like a sliding scale, such that more of one excuses less of the other[s]." *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 233 (S.D.N.Y. 2016) (internal quotations omitted). The factors focusing on the potential injury to either party, however, "'are the most critical,' and accordingly, receive the most weight." *In re Taneja*, 2018 WL 6039388, at *1 (S.D.N.Y. Oct. 23, 2018) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

These four factors weigh in favor of a stay in this case. Preserving the *status quo* during the pendency of Ms. Moroney's appeal will protect her from continuing to expend critical human and financial resources while attempting to comply with a CID issued by an enforcement agency that she argues is unconstitutionally funded as structured. This argument raises an issue of first impression in the United States, and her constitutional challenge is a threshold matter that must be resolved prior to CID compliance.

Additionally, without a stay, Ms. Moroney's Law Firm faces irreparable injury in the form of complete business ruination. *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (explaining that monetary loss "that cannot be rectified by financial compensation" is an irreparable injury). The likelihood of financial ruin is illustrated by the substantial time and resources that Ms. Moroney's Law Firm expended already in response to the first unenforced CID issued to her by an unconstitutionally structured agency. This first fruitless attempt at compliance cost her $75,000 in compliance and legal fees, forced her to lay off over half her staff, and substantially hindered Ms. Moroney's ability to conduct her business. Now, the Bureau is seeking immediate enforcement of a second CID before Ms. Moroney can pursue her case on appeal. A win on any one of several issues presented by Ms. Moroney's impending appeal will render the second CID unenforceable. Ms. Moroney's Law Firm simply cannot afford to respond to serial CIDs while the court of appeals determines whether CFPB has the constitutional authority to issue them.

Moreover, depending on the remedy, a win on appeal could mean a potential third CID. And considering that CFPB has insisted Ms. Moroney re-produce documents that were duplicative from the first CID to the second, there is no reason to doubt that it would ask her to produce documents yet again—at great cost to her business—after she prevails on appeal.

In stark contrast to Ms. Moroney's position, a stay will not injure CFPB. The significant delays in enforcement since 2017 for which the Bureau bears responsibility demonstrate that this CID is not time sensitive. The Bureau's investigation is already over three years old. In that time, the Bureau delayed filing its first Petition to Enforce for 13 months (from January 2018 to February

2019); delayed serving Respondent with the first Petition to Enforce for another seven months (from February 2019 to September 2019); and voluntarily dismissed the first CID on the eve of judicial review in November 2019. Cumulatively, that is nearly two years of self-imposed delays by CFPB. And despite these delays, CFPB *still* has not reviewed the documents it admits are already in its possession. Further delaying enforcement so that Ms. Moroney may seek appellate review of her defenses to the Bureau's enforcement powers will not injure CFPB. Too, the lack of customer complaints against Ms. Moroney's Law Firm indicates CFPB will not suffer by delaying its enforcement for the pendency of her appeal.

There is also a substantial possibility that Ms. Moroney's Law Firm will prevail on appeal. To secure a reversal of this Court's order enforcing the second CID, Ms. Moroney need only win on one of several issues she will present on appeal. *Cf. N. Am. Airlines*, 2005 WL 926969, at *3 (ruling that an appellant was unlikely to succeed on the merits because appellant could prevail only if the Second Circuit overturned *both* of this Court's independent rulings). Among those issues, both CFPB's funding mechanism and Director Kraninger's post-*Seila Law* ratification are novel issues on which the Second Circuit has not previously ruled and may well disagree with this Court. Given the harm facing Ms. Moroney's Law Firm absent a stay, a lesser likelihood of success on the merits will still justify a stay pending appeal. *See Strougo*, 194 F. Supp. 3d at 233.

Moreover, it is in the public's interest that unconstitutional agencies not pursue burdensome enforcement actions while the courts work out important and complex constitutional questions that go to the heart of the agency's enforcement authority. That public interest is particularly strong in this case, considering that courts have already struck down one aspect of CFPB's unprecedented structure. Yet, without judicial intervention, the Bureau would proceed undaunted and continue—without concern for its own constitutionality—to force Respondent's compliance with serial enforcement proceedings.

Courts, including this Court, have previously stayed the Bureau's enforcement proceedings or delayed their briefing, as the appellate courts and the Supreme Court determined the constitutionality of CFPB's single-director structure. *See, e.g., CFPB v. Access Funding, LLC*, No. 1:16-cv-03759, ECF Dkt. 123 (D. Md. December 23, 2019). The stays awaiting *Seila Law* served the public interest because, as it turned out, the Supreme Court disagreed with most lower courts and ruled that CFPB's director was unconstitutional. It is similarly within the public interest for this Court to stay the Bureau's enforcement of the second CID pending the appellate court's consideration of the constitutionality of CFPB's funding structure and the effect of Director Kraninger's post-*Seila Law* ratification, among other issues.

### Conclusion

For the reasons set forth above, the Law Offices of Crystal Moroney, P.C. respectfully requests a stay of this Court's August 19 judgment, pending appeal.

CFPB is to respond to this letter by 9/15/20.

So Ordered.

*[signature]*
9/8/20

Respectfully submitted,

*[signature]*

Michael P. DeGrandis
Senior Litigation Counsel

cc: E. Vanessa Assae-Bille, Esq. (via e-mail and ECF)
    Kevin E. Friedl, Esq. (via e-mail and ECF)
    Jehan Patterson, Esq. (via e-mail and ECF)